————o————

5064.

(Court of Appeal, Parish of Orleans).

## F. D. CHARBONNET vs. STATE REALTY COMPANY

1. Where the clerk's certificate declares that the transcript contains all the evidence adduced upon the trial, and yet no testimony or evidence is found in the record to support the judgment, the same must be reversed and one of non-suit entered, or else the cause be remanded.

2. Such certificate protects the appellant, not shown to be in default, even though there be no evidence in the record, and obviates necessity on his part to have asked for a statement of facts.

3. If the clerk' certificate was incorrect, the appellees might have protected themselves by taking steps for its correction.

Appeal from the Civil District Court, Division "B."

Chas. Louque, for plaintiff and appellee.

F. Rivers Richardson, attorney.

A. J. Rossi and B. R. Forman, for defendant and appellant.

DUFOUR, J.—The plaintiff sued to annul a tax title and also to recover damages for slander of title; called upon to elect, he discontinued that portion of his demand

which prayed for the nullity of the tax title. Nothwithstanding discontinuance, there was judgment annulling the tax sale and defendant has appealed.

There is no testimony or note of evidence in the record and no minute entry that any was ever filed, although the clerk's certificate recites that "the record includes all the pleadings, evidence and documents in said case."

The plaintiff has filed in this court an affidavit that he was sworn as a witness and gave his evidence before the lower court, and he asks that the judgment be affirmed or else the appeal be dismissed on the presumption that the court below had acted on proper and sufficient evidence.

We are unable to do either.

In **Sturcken vs. Reilly, 2 Ct. of App. 54,** in discussing the identical question we said.

"In a case similar to this, **52 An. 707,** the Supreme Court reversed the jurisprudence on the subject and held that when the clerk's certificate states that the transcript contains all the evidence adduced upon the trial, and no testimony or evidence of any kind is found in the record to sustain the judgment, the same must be reversed and one of non-suit entered, or else the cause must be remanded. In the course of the opinion, the Court said: 'If the clerk's certificate had not contained the declaration that all the evidence adduced on the trial of the cause is to be found in the transcript, then would the court here affirm the judgment on the presumption that the court below had rendered the same on proper and sufficient evidence. If the certificate of the clerk was incorrect in the particular mentioned it was the business of the appellees for their own protection to have taken steps for its correction.' 'The clerk's certificate protects the appellant, even though there be no evidence in the record **(39 An. 1110),** and it

— 39 —

obviates the necessity of having asked for a statement of facts." '

In the present confused condition of the record, we are unable to render a judgment, that will do justice between the parties.

Although the prayer is for damages in the sum of $2,500, we have taken jurisdiction because it is clear that the amount is deliberately inflated. The slander cannot damage the property to an extent exceeding its value which, in this case, is apparently $400.

Judgment reversed and cause remanded for further proceedings according to law, appellees to pay costs of of appeal.

November 7, 1910.

————o————

4764.

(Court of Appeal, Parish of Orleans).